IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ASSUREDPARTNERS OF NORTH CAROLINA, LLC<br><br>Plaintiff,<br>v.<br><br>STANLEY W. PARK & TOWNE INSURANCE AGENCY, LLC<br><br>Defendants. | 1:22-CV-784 |

## CONSENT INJUNCTION ORDER AS TO STANLEY W. PARK

Plaintiff AssuredPartners of North Carolina, LLC ("AP") and Defendant Stanley W. Park ("Park") (AP and Park collectively "parties" and each a "party") have presented to this Court for consideration this Consent Injunction Order ("Injunction").

WHEREAS, the parties have reached a settlement to resolve this litigation, and as part of that resolution, the parties wish to enter the Injunction articulated below.

WHEREAS, the parties agree to waive any requirement for a bond for this Injunction.

WHEREAS, the parties have further agreed that this Injunction meets the requirements of law, including Rule 65 of the Federal Rules of Civil Procedure, and is enforceable.

By agreeing to this Injunction, the parties jointly and respectfully stipulate and request that this Court enter this Injunction.

By their respective signatures set out below, the Court finds that the parties have reached agreement on the terms of a resolution and Injunction.

**IT IS THEREFORE ORDERED** as follows:

1. Within ten (10) days of this Order Park shall take reasonable steps to permanently delete and not retain, use or disclose AP Confidential Information. For purposes of this Injunction, the term "Confidential Information" means all confidential, proprietary, and/or non-public information, whether or not in a written or recorded form, concerning the business or affairs of AP and/or its affiliates, subsidiaries, and parent companies and each of their respective successors and assigns (hereinafter collectively referred to as the "AP Group"), including but not limited to, information concerning:

    (a) the AP Group's clients, prospective clients, acquisition targets, insurance brokers, vendors, insurance carriers, policy forms and information, policy types, rating information, premium amounts, expiration dates, information on risk characteristics, information concerning insurance markets for large or unusual risks and/or contracts or arrangements (including special terms and deals);

    (b) the AP Group's financial condition, results of operations, marketing plans, business plans, operations, pricing, promotions, and business strategies and methods; and

    (c) the services and products offered by AP to its clients or prospective clients, including but not limited to, policy forms, rating information, expiration dates,

2

information on risk characteristics, and information concerning insurance markets for large or unusual risks.

2. From the date on which this Injunction is issued through **March 1, 2024**, Park and anyone acting in active concert or participation with him, shall not, directly or indirectly through another person or entity:

(a) offer, sell, solicit, quote, place, provide, renew, or service any insurance product or service to, for, or on behalf of, any Restricted Client;

(b) take any action intended, or reasonably likely, to cause any Restricted Client, or any vendor, insurance carrier, wholesale broker, other client of the AP Group, or any other third party that, in each case, Park knows or has reason to know has a material business relationship with the AP Group, to diminish its business with, or cease or refrain from doing business with, the AP Group; or

(c) solicit for employment, hire, engage to perform services, or induce to terminate employment with the AP Group, any of the AP Group's current employees, or solicit for employment, hire, or engage to perform services, any person that was employed by the AP Group within the six (6) months prior to the cessation of such person's employment with AP for any reason.

3. For purposes of this Injunction, "Restricted Client" means the following:

(a) any client of the AP Group during the two (2) years immediately preceding Park's March 1, 2022 Separation Date: (i) as to which Park received commission compensation and/or fees; (ii) for which Park had material involvement in proposing,

3

selling, quoting, placing, providing, servicing, or renewing any insurance product or service; or (iii) about whom Park received Confidential Information; or

    (b)  any prospective client of the AP Group during the two (2) years immediately preceding Park's March 1, 2022 Separation Date: (i) for which Park had material involvement in proposing, selling, quoting, placing, providing, servicing, or renewing any insurance product or service or (i) about whom Park received Confidential Information. Notwithstanding the definition of Restricted Client, the parties agree that Defendants involvement with certain former clients, which are specifically listed in Section 1 of the parties' Settlement Agreement (which is incorporated by reference herein), shall not constitute a violation of this Injunction.

4. To the extent Park is unclear regarding whether a person or business entity is a Restricted Client as defined above, he will contact AP or its attorney of record below to attempt to make a good faith determination prior to engaging in any conduct that could be determined to be a breach of this Injunction.

5. Defendants deny the allegations in the Complaint against them and the Court is making no finding of any violation of Park's Restrictive Covenants Agreement and the parties waive the entry of any findings of fact and conclusions of law.

6. This Court finds that the limited restrictions of this Injunction are reasonable, valid and enforceable.

7. This Court will retain jurisdiction over this action for the purpose of implementing and enforcing this Injunction and all parties consent to the personal and subject matter jurisdiction of this Court. The parties intend this Injunction to be the final

Order disposing of all issues in this action, except as additional orders or rulings may be necessary to enforce this Injunction.

8. This Injunction is and shall be binding on Park his agents, servants, and employees and upon those persons in active concert or participation with them who receive actual notice in any manner of the order by personal service or otherwise in accordance with Fed. R. Civ. Pro. 65(d)(2).

9. All relief not specifically granted herein is expressly denied by the parties.

10. Accordingly, all claims raised in this action, are hereby <u>Dismissed with Prejudice</u>, and, unless otherwise agreed between the parties by separate agreement, each party shall bear its own attorneys' fees and costs.

11. This Injunction shall serve as the closing document for this action, thereby ending this case subject to the ongoing requirements of this Injunction.

**SIGNED** on this 15th day of November, 2022.

_____
UNITED STATES DISTRICT COURT JUDGE

**WE CONSENT:**

*s/ Benjamin P. Fryer*

Benjamin P. Fryer (NC Bar No. 39254)
Evan R. Dancy (NC Bar No. 54801)
FORDHARRISON LLP
6000 Fairview Road; Suite 1415
Charlotte, NC 28210
T: 980-282-1900
bfryer@fordharrison.com
edancy@fordharrison.com

*Counsel for Plaintiff*
*AssuredPartners of North Carolina, LLC*

*s/ D. Ross Hamilton, Jr.*
D. Ross Hamilton, Jr. (NC Bar No. 21023)
TUGGLE DUGGINS P.A.
400 Bellemeade Street, Suite 800
Greensboro, NC 27401
T: 336-271-5279
RHamilton@tuggleduggins.com

*Counsel for Defendant Stanley W. Park*

*s/ Edward S. Schenk III*
Edward S. Schenk III (NC Bar No. 32917)
WILLIAMS MULLEN
301 Fayetteville Street, Suite 1700
Raleigh, NC 27601
T: 919-981-4303
eschenk@williamsmullen.com

*Counsel for Defendant*
*Towne Insurance Agency, LLC*